UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHRISTOPHER J. MACCONNELL, JR.                    Case No. 1:25-mc--18

    Plaintiff/Petitioner,
                                                  Barrett, J.
              v.                                             Bowman, M.J.

FLASHSYNQ AI, LLC,

    Defendant/Respondent.

**MEMORANDUM OPINION AND ORDER**[1]

On September 3, 2025, Plaintiff/Petitioner Christopher J. MacConnell, Jr. (hereinafter "Plaintiff")[2] initiated this pro se miscellaneous case by filing a petition for "early discovery" under Rule 27, Fed. R. Civ. P. In his petition, Plaintiff maintains that "[n]o claims are asserted, and no positions are taken on the merits of any potential dispute." (Doc. 1, PageID 1.) For the reasons that follow, Plaintiff's petition and all related motions are DENIED.

    **I.    Background**

Plaintiff's petition contains conclusory statements that Plaintiff "expects to be a party to an action but cannot presently bring it," and that he is seeking pre-litigation discovery that is "narrow, specific, and proportional." (*Id*. at PageID 1.) The petition vaguely alleges that on August 20, 2025, "counsel for interested parties" sent Plaintiff a letter that references an entity called "FlashSynq AI, LLC, potential dissolution issues, and related obligations," and that correspondence dated August 28 "reinforced the

---

[1]All matters addressed herein are non-dispositive.
[2]Mr. MacConnell seeks much broader relief than is authorized under Rule 27, and refers to himself as "Plaintiff" in multiple documents.

1

relevance of FlashSynq-related records." (Doc. 1, ¶¶ 1-2.) Plaintiff does not identify the nature of any potential litigation, including whether it would occur in this Court or some other court (state or federal), or who the "interested parties" might be besides himself.

Correspondence attached as exhibits to the petition fills in only some of those details. For example, an August 20, 2025 letter from a Rochester, New York law firm identified as Adams Leclair LLP is addressed to Plaintiff as "President" of a company called "Bracing Solutions, Inc. d/b/a Motiv Medical" (hereinafter "Motiv Medical").[3] The letter concerns a claim based on Motiv Medical's termination of a former employee, Kathleen Ann Moodie, "for amounts owed, …unlawful termination…, and …defamation and disparagement." (Doc. 1-1, PageID 3.) The letter contains both a settlement demand and a litigation hold notice. (*See id.*, PageID 3-6.) In addition to the monetary demand, the letter includes a request for "mutual general releases, mutual non-disparagement clauses, an agreement to sever all business relationships, including without limitation dissolution of Flashsynq AI, LLC and KTJC Capital, LLC…." (*Id.*, PageID 5.)

Plaintiff also has included a copy of his September 3, 2025 response. In that letter, Plaintiff states that in his capacity as "Managing Member" of Motiv Medical, he is ensuring that all "FlashSynq-related artifacts – including communications, documents, and related materials – are being properly preserved…." He asks the New York law firm to "confirm that your clients and custodians are taking equivalent preservation measures for any FlashSynq-related materials…." (Doc. 1-1, PageID 19.)[4]

---

[3]The letter is jointly addressed to a second individual identified as the "CEO" of Motiv Medical named "Nolan Marx."

[4]Plaintiff's petition asserts that on September 2, he mailed "a comprehensive preservation packet directed to [unidentified] relevant parties and counsel," and that on September 3, he "issued an additional preservation request confirming that all FlashSynq-related communications and records are being safeguarded." (*Id.*, ¶¶ 3-4)

In the petition, Plaintiff asks this Court to issue an order directing the production of broad categories of "FlashSynq-related ESI, communications, and documents" to Plaintiff, including but not limited to:

- Dissolution-related materials
- Governance records,
- IP assignments,
- Ownership and contribution records. Authorizing limited early discovery to secure and perpetuate evidence, including:
- Requests for production to relevant custodians,
- The option to request targeted depositions if necessary. This relief is sought solely to ensure preservation and avoid potential spoliation issues.

(Doc. 1, PageID 2.) Although the petition identifies FlashSync AI LLC ("FlashSync") as the sole Respondent, closer review suggests that Plaintiff is seeking pre-litigation discovery not from Flashsync, but instead from other mostly-unidentified persons and entities.

On September 9, 2025, Plaintiff filed a document captioned as an "Amended Motion to Expand Scope of Expedited Discovery." (Doc. 2.) Plaintiff's "amended motion" is construed as a motion to amend or expand his original petition for pre-litigation discovery. But in his construed motion to amend, Plaintiff cites to Rule 26(d), Fed. R. Civ. P. rather than to Rule 27. (Doc. 2.) In relevant part, the motion states:

> 3. Plaintiff further seeks clarification on any potential professional conduct conflicts arising under Rule 1.7 of the Ohio Rules of Professional Conduct, as adopted by Southern District of Ohio Local Rule 83.3, specifically regarding any potential interactions, prior engagements, or representations involving Ms. Kathleen Moodie in connection with the events underlying this matter. For purposes of clarification. Plaintiff also references the known business address 1200 Bausch & Lomb Place, as it pertains to associated entities or counsel connected to this matter. This request is made solely for procedural clarity and is not intended as an allegation of misconduct.
>
> 4. Specifically, Plaintiff seeks to expand discovery to include: • Orin S. Kramer, in his personal and professional capacity: • All entities owned, operated, controlled, managed, or otherwise affiliated with Kramer; • Any

3

  and all related investment vehicles, managed funds, subsidiaries, affiliates, and controlled partnerships under Kramer's influence;• Any other individuals or entities reasonably believed to have knowledge of the matters at issue ("et al.").

  5. Plaintiff has reason to believe that discoverable materials may include, but are not limited to, digital communications, emails. Slack logs, text messages, financial valuations, deal models, and video recordings relevant to disputed intellectual property rights, attempted dissolution procedures, and valuations affecting FlashSynq AI, LLC and related entities.

(Doc. 2, PageID 23.)

  The motion to amend concludes with a request that this Court grant him "leave to amend the scope of expedited discovery" in order to "Include the above-named individual, entitles, subsidiaries, and affiliates under Kramer's control." Plaintiff does not identify any names of such individuals, entities, etc. other than Mr. Kramer, and provides no information regarding Mr. Kramer other than his name.[5] (*Id.*) Without identifying any specific subject matter, Plaintiff seeks an order to "[a]uthorize production of any and all relevant electronic, documentary, financial, and video materials in their possession, custody, or control." (*Id.*) Last, Petitioner seeks an order to "[c]larify any potential conflicts under Rule 1.7 of the Ohio Rules of Professional Conduct, as adopted by S.D. Ohio Local Rule 83.3, concerning communications or representations involving Ms. Moodie, strictly for procedural purposes." (*Id.*)

  On the same date that Plaintiff filed his motion to amend, he filed a separate "motion to shorten time," in order to "shorten[] the time for hearing and response on Plaintiff's Amended Motion to Expand Scope of Expedited Discovery." (Doc. 3.) Plaintiff argues that the utmost haste in obtaining discovery prior to suit is needed. He speculates

---

[5] An individual by that name is the managing partner of Boston Provident, L.P., but it remains unclear whether Plaintiff intended to identify that particular Mr. Orin S. Kramer.

4

that various electronic materials "could be lost or altered in the normal course of business," and claims that a court order is "critical to prevent discovery gaps" in part because he seeks so much discovery from unidentified "custodians and affiliated parties under the control of Mr. Orin S. Kramer." (*Id.*, ¶ 1, PageID 26.) He also refers to "potential conflicts tied to Ms. Moodie's role, given her prior communications or relationships with individuals connected to these events." (*Id.*, ¶ 1, PageID 26.)

Two days later on September 11, 2025, Plaintiff filed five more motions in this case, including two construed motions to expedite. (Docs. 4, 5.)[6] In addition to the motions to expedite, Plaintiff filed a "motion to compel and for protective preservation order," which seeks an order "compelling Respondent, FlashSynq AI, LLC, to produce and preserve relevant evidence and electronically stored information (ESI) necessary for the fair resolution of this matter." (Doc. 6, PageID 38.) The fourth motion is another "Motion to Shorten Time" in which Plaintiff seeks to "shorten[] the time for Respondent…to respond to Petitioner's pending motions." (Doc. 7.) The fifth motion filed on the same date is a "Motion for Leave to File Supplemental Memorandum" in support of all prior "pending motions." (Doc. 9, PageID 43.)

On September 16, 2025, while the Court was drafting this Order, Plaintiff filed what has been docketed as a combination "motion for protective order" and "motion for sanctions." On the same date, Plaintiff fled another "Notice of Supplemental Exhibit" that ostensibly pertains to his motion for protective order and for sanctions. (*See* Docs. 10-11).

---

[6]One of the motions again cites to Rule 26(d) rather than Rule 27, alleging that he "has been threatened with imminent litigation and requires discovery to protect his rights and prepare for anticipated claims." (Doc. 5, PageID 36.)

5

## II.     Analysis

### A.  Plaintiff's Rule 27 Petition

Plaintiff initiated this miscellaneous case under Rule 27, Fed. R. Civ. P., a rule that is entitled "Depositions to Perpetuate Testimony." Rule 27 is rarely invoked in part because it is extremely limited in scope. As its title suggests, the rule is limited to preserving *deposition* testimony. No other form of discovery is authorized under the rule. While Rule 27 does permit pre-litigation deposition testimony in rare circumstances, it contains multiple specific procedural safeguards.

For example, the petition must be <u>verified</u> and can only be used to obtain and preserve deposition testimony prior to suit being filed "in the district court for the district where any expected adverse party resides." Rule 27(a)(1). The petition must clearly identify a "named person" whose testimony is to be preserved. *Id*. At a minimum, the petitioner must show:

(A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;

(B) the subject matter of the expected action and the petitioner's interest;

(C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;

(D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and

(E) the name, address, and expected substance of the testimony of each deponent.

*Id.* In addition, the petitioner is required to formally serve each adverse party with a copy of the petition. Rule 27(a)(2). Only "[i]f satisfied that perpetuating the testimony may prevent a failure or delay of justice," should this Court " issue an order that designates or

describes the persons whose depositions may be taken, specifies the subject matter of the examinations, and states whether the depositions will be taken orally or by written interrogatories." Rule 27(a)(3).

The Court declines to issue any of the orders sought by Plaintiff in this case because he fails to meet any of the requirements of Rule 27. To start with, the pro se petition contains numerous procedural defects. The petition is not "verified" because Plaintiff includes no attestation under penalty of perjury. The petition also fails to identify any specific deponent whose testimony Plaintiff seeks to preserve. And the petition fails to satisfy *any* of requirements of Rule 27(a)(1) (A) – (E).

Consider Rule 27(a)(1)(D), which requires the identity and address of each adverse party. Plaintiff does not clearly identify *any* adverse party. Substantively, Plaintiff's petition and motions seek extremely broad-ranging pre-litigation discovery from multiple persons, entities, and affiliates who are not identified as "adverse parties," have not been served with the petition, and are mostly unidentified but for brief references to Orin S. Kramer and Kathleen Moodie. Not only does Plaintiff fail to identify the names and addresses of the persons or entities from which he seeks pre-litigation discovery, but most (if not all) are presumed to be non-parties to any anticipated litigation.

Plaintiff generally alleges that the pre-litigation discovery he seeks relates in some fashion to FlashSynq – an entity that is not identified as an adverse party and that instead may be affiliated with Plaintiff himself.[7] As best this Court can discern from correspondence attached to the petition, Plaintiff *might* have intended to identify a former

---

[7] No address is provided for FlashSynq AI LLC. Undermining any inference that Plaintiff intends to proceed against that entity as an "adverse party," he "asserts custodial authority and ownership rights over the FlashSync AI, LLC Slack workspace and associated electronic communications. (Doc. 8.)

7

employee of Motiv Medical, Kathleen Moodie, as an adverse party under Rule 27. If so, a petition filed in this district appears to be improper.[8] Based on the scope of Plaintiff's pre-litigation discovery requests, it is also possible that Orin Kramer is an expected adverse party. But to construe the petition as identifying Mr. Kramer as an adverse party requires even more rank speculation, as that individual's identity, address and any role he might play in any underlying dispute are a complete mystery.

Ordinarily, the Court might await the filing of a response to the petition from the adverse party before ruling. Here, however, there is no reason to delay. Plaintiff himself seeks an expedited ruling. A response from an adverse party is unlikely. Plaintiff has not only failed to clearly identify any adverse party but has also failed to effect proper service of the petition. *See* Rule 27(a)(2). There is no indicia of service of the petition on anyone under Rule 4, and Plaintiff has failed to attach a certificate of service to any of the other seven motions he has filed.[9]

Plaintiff's petition is denied based both on its significant procedural defects, and on its merits. In *Zuelsdorf ex rel. Cook v. Oiler*, another magistrate judge in this district denied and dismissed a Rule 27 petition more than a decade ago. The Court's analysis of Rule 27 is well-stated:

> Rule 27 applies "to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without

---

[8] Based on the correspondence, the Court infers that Ms. Moodie resides in New York. Any Rule 27 petition to preserve her testimony would need to be filed in the district in which she resides. The only listed address in reference to Ms. Moodie alludes to "1200 Bausch & Lomb Place," which appears to be the street address of her Rochester, New York law firm. (Doc. 2, PageID 23.)

[9] A "Notice of Non-response and Request for Prompt Consideration" filed on September 11, 2025 asserts that Plaintiff "offered to confer" with unidentified "Defendant's counsel" (presumed to be New York counsel for Ms. Moodie) if counsel responded to his request "for a meet-and-confer within two business days." (Doc. 4, PageID 30.) The Notice asserts that Plaintiff "served Defendant's counsel via email." Plaintiff's "Notice" filing is improper for many reasons, but was construed as a "Motion to Expedite." In the interest of judicial economy, the Court declines to discuss the deficiencies of the Notice except to state that its assertion of service of the petition is insufficient under Rule 4, Fed. R. Civ. P.

> waiting until after a suit or other legal proceeding is commenced." 8A Wright, Miller & Marcus, Fed. Prac. and Proc., § 2071 (3d Ed. West Group 2014) (citations omitted). *See also Ash v. Cort,* 512 F.2d 909, 911 (3rd Cir.1975) ("Rule 27 properly applies only in that special category of cases where it is necessary to prevent testimony from being lost."). For instance, courts have granted petitions to perpetuate testimony "when a witness is aged or gravely injured and in danger of dying or there are geographical constraints;" courts commonly deny petitions to perpetuate testimony in cases that do not present these special circumstances. *In re Somerville,* No. 08–CV–206–JBC, 2008 U.S. Dist. LEXIS 49877, at *9–10, 2008 WL 2559243 (E.D. Ky. June 20, 2008) (collecting cases); *In re Boland,* 79 F.R.D. 665, 667 (D.D.C.1978) (denying petition to perpetuate testimony where "[t]here is no evidence that the testimony of persons with knowledge of the material facts relevant to petitioner's proposed lawsuit will be unavailable after a complaint is filed"). Accordingly, permitting discovery to "enable a person to fish for some ground for bringing suit" is an abuse of Rule 27. 8A Wright, Miller & Marcus, Fed. Prac. and Proc., § 2071 (3d Ed. West Group 2014). *See also In re Boland,* 79 F.R.D. at 668 (denying petition to perpetuate testimony because the petitioner's claim rested "only on the basis that the relief is needed to permit her to draw a proper complaint" and Rule 27 " 'is not a method of discovery to determine whether a cause of action exists; and, if so, against whom action should be instituted' ") (quoting *Petition of Gurnsey,* 223 F.Supp. 359, 360 (D.D.C.1963)); *Petition of Ferkauf,* 3 F.R.D. 89, 91 (S.D.N.Y.1943) ("[R]ule 27 was not intended to be used as a discovery statute; its purpose was not to enable a prospective litigant to discover facts upon which to frame a complaint.").

!
*Zuelsdorf ex rel. Cook v. Oiler*, No 2:14–mc–0015, 2014 WL 1912017, at *1-2 (S.D. Ohio May 13,2014). Leaving the fact that Plaintiff improperly invokes Rule 27 to obtain broad-ranging pre-litigation discovery from individuals and entities who do not appear to reside in this district, Plaintiff fails to identify any of the "special circumstances" for which Rule 27 was designed. In sum, Plaintiff is not entitled to pre-litigation discovery from Respondent FlashSynq or from any other person or entity.

### B. Related Motions

Plaintiff's "amended motion to expand scope of expedited discovery (Doc. 2) and "motion to expedite discovery" both cite to Rule 26(d) rather than to Rule 27, Fed. R. Civ. P. But Rule 26, Fed. R. Civ. P. does not permit any *pre-litigation* discovery at all. Rather,

9

it applies when a party to an existing lawsuit in federal court wants to commence discovery prior to completing the parties' mandatory Rule 26(f) discovery conference. In any event, all related motions (Docs. 2, 3, 4, 5, 6, 7, 9, 11 and 12) are moot in light of the denial of the underlying petition.

### III. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT**:

1. Plaintiff's petition for Rule 27 discovery (Doc. 1) is DENIED;

2. All other motions (Docs. 2, 3, 4, 5, 6, 7, 9, 11 and 12) are also DENIED;

3. This miscellaneous case SHALL BE CLOSED.

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge
